IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     \*

    v.                            \*       Criminal No. RDB-14-0580

BRUCE JEFFRIES,            \*

    Defendant.              \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

Defendant Bruce Jeffries ("Defendant" or "Jeffries") was convicted of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846.  (Plea Agreement, ECF No. 350.)  On December 15, 2015, he was sentenced by Judge Quarles of this Court[1] to 84 months imprisonment, followed by a 5-year period of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 417.)  On June 18, 2020, this Court granted Jeffries' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on the circumstances created by the COVID-19 Pandemic and upon Jeffries' showing of "extraordinary and compelling reasons" for release, in addition to weighing the factors presented in 18 U.S.C. § 3553(a).  (ECF No. 528.)  Accordingly, the Court ordered that Jeffries be released from prison and begin his originally imposed five-year period of supervised release. (*Id.*)

On July 7, 2021, Jeffries, proceeding *pro se*, submitted the presently pending Motion for Early Termination of Supervised Release.  (ECF No. 564.)  In support of his request, Jeffries

---

[1] On April 21, 2016 this case was reassigned to the undersigned upon the retirement of Judge Quarles.

states that he has "shown exemplary post-conviction adjustment and conduct in his supervision responsibilities," and has fully complied with the Court's terms of supervision, "including abstaining from drug use [], fully obeying the law, and diligently complying with the requirements of the Probation Department."  (*Id.*)  Jeffries' supervising probation officer informally reported to the Court that the Probation Office's position on early termination is that release is recommended after a probationer's halfway point, or 2 and a half years for Jeffries.

Pursuant to 18 U.S.C. § 3583(e), the Court may, after considering enumerated factors, "terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]"  As Judge Deborah K. Chasanow of this Court recently reiterated, "[t]he District of Maryland Early Termination Policy normally requires that persons serve half of their period of supervision before being considered for early termination, although those supervised as 'low risk' must have completed at least one year on supervision…prior to being considered for early termination."  *See United States v. Lyons*, Criminal No. DKC-13-0282-3, 2020 WL 7769782, at *1 (D. Md. Dec. 30, 2020).  Jeffries' level of supervision is not specified.

Here, Jeffries has served a little over one year of his five-year period of supervision.  While the Court recognizes Jeffries' post-conviction conduct, he has not yet served half of his period of supervision.  Considering both the Defendant's conduct and the interest of justice, and given that the District of Maryland Early Termination Policy normally requires that persons serve half of their period of supervision before being considered for early termination,

the Court finds that early termination of Jeffries' supervised release at this time is not warranted.

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 29th day of July, 2021, that Defendant Jeffries' Motion for Early Termination of Supervised Release (ECF No. 564) is DENIED.

_____/s/_____

Richard D. Bennett
United States District Judge

3